UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MATTHEW BANNIER, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> vs.<br><br>GIBSON & SHARPS, P.S.C.<br><br>    Defendant. | Case No.: 17-cv-343<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

# INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

# JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendants directed their collection efforts into the District.

# PARTIES

3. Plaintiff Matthew Bannier is an individual who resides in the Eastern District of Wisconsin (Waukesha County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely medical services provided to his minor child.

5. Defendant Gibson & Sharps, P.S.C. ("Gibson") is a foreign professional services corporation with its principal place of business located at 9390 Bunsen Parkway, Louisville, KY 40220.

6. Gibson is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Gibson is a "debt collector" as defined in 15 U.S.C. § 1692a.

**FACTS**

7. On or about December 21, 2016, Gibson mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Blue Cross and Blue Shield of Texas" A copy of this letter is attached as Exhibit A, and copy of the envelope in which it was sent and received is attached as Exhibit B.

8. The alleged debt identified in Exhibit A was for medical services and, thus, only for personal, family or household purposes.

9. Despite the references to subrogation in Exhibit A, Plaintiff's insurer never paid the amount sought in Exhibit A. Defendant is simply collecting an alleged medical bill.

10. With respect to each of the alleged listed in Exhibit A, Plaintiff was not required to pay for the medical services at the time services were rendered. Instead, the creditor (i.e. the medical provider) mailed a bill several days or weeks after the dates of service. Thus, payment was deferred by agreement. *See Tylke v. Advanced Pain Mgmt., S.C.*, Case No. 14cv5354 (Milwaukee Co. Cir. Ct., Dec. 11, 2014) ("Any time a merchant sends a bill for goods or services after a consumer transaction has taken place, there is an 'agreement to defer payment.'")

11. Upon information and belief, Exhibit A was the first letter Gibson sent Plaintiff regarding the alleged debt to which the letter refers.

12. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

13. Upon information and belief, <u>Exhibit A</u> is a form debt collection letter used by Gibson to attempt to collect alleged debts.

14. <u>Exhibit A</u> does not include the 15 U.S.C. § 1692g(a) notice, which requires:

> (a) **Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15. Plaintiff did not receive any other written communications from Gibson containing the 15 U.S.C. § 1692g(a) notice, either before or after <u>Exhibit A</u>.

16. Gibson did not convey to the consumers their rights under the FDCPA. *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003); *see also Desantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001) (a "debt collector violates the Act if it fails to convey the information required by the Act.").

17. The consumer is not required to rely upon the debt collector to voluntarily comply with the FDCPA. *McCabe*, 272 F. Supp. 2d at 738 ("However, Crawford misses the point of the protection found in § 1692g(a)(4). Although a debt collector *may* provide verification upon *oral* notification, the debt collector *must* provide verification upon *written* notification. If the debtor gives only *oral* notification of the dispute, the FDCPA imposes no requirement on the debt collector to obtain verification of the debt.").

18. Failure to provide the correct validation notice within five days of the initial communication with Plaintiff and the class is a *per se* violation of the FDCPA. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 2016 U.S. App. LEXIS 6361 *15-16 (7th Cir. Apr. 7, 2016) ("we have not extended the implicit materiality requirement of § 1692e to reach claims under § 1692g(a).).

19. For purposes of Plaintiff's claim under 15 U.S.C. §§ 1692e and 1692e(10), Defendant's omission is a material violation of the FDCPA. A consumer who is completely unaware of how to exercise verification rights or a request for the identity of the original creditor cannot not effectively invoke his or her rights under 15 U.S.C. § 1692g(b):

> (b) **Disputed debts**
> If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector *in writing* that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the

4

consumer's right to dispute the debt or request the name and address of the original creditor.

(emphasis added).

20. Additionally, the exterior face of <u>Exhibit B</u> containing Plaintiff's name and mailing address states "Gibson & Sharps, Attorneys at Law," "Your Response is Required," and "Important Plan Information."

21. The Fair Debt Collection Practices Act prohibits unfair debt collection practices. 15 U.S.C. § 1692f.

22. This prohibition includes 15 U.S.C. § 1692f(8): "Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

23. The language on <u>Exhibit B</u> violates the plain language of 15 U.S.C. § 1692f(8). The statute contains no exemptions – any extraneous text on the envelope or on the outside of a self-mailer or that is visible through a "window" on the envelope, violates 15 U.S.C. § 1692f(8).

24. Moreover, the extraneous text indicates that the letter is a debt collection letter. *See Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303-04 (3d Cir. 2014) (disclosure through window envelope "implicates a core concern animating the FDCPA—the invasion of privacy."); *Peter v. GC Services L.P.*, 310 F.3d 344, 351 (5th Cir. 2002).

25. In *Peter*, for example, the Fifth Circuit held that text on the envelope impersonating the U.S. Department of Education:[1] "implicates this core concern of the FDCPA [impersonating public officials]." *Peter*, 310 F.3d at 351-52.

---

[1] US Department of Education
P.O. Box 4144
Greenville, TX 75403-4144
Official Business

26. The language on Exhibit B violates the plain language of 15 U.S.C. § 1692f(8). *Douglass*, 765 F.3d at 303-04; *Peter*, 310 F.3d 351 (5th Cir. 2002).

27. Likewise, in *Douglass*, the Third Circuit held that a collection letter displaying the consumer's account number and a QR code[2] that linked to the consumer's alleged debt, through a "glassine" window envelope, violated § 1692f(8). *Douglass*, 765 F.3d at 303 ("Convergent's disclosure implicates a core concern animating the FDCPA—the invasion of privacy.")

28. As in *Douglass* and *Peter*, the language on Exhibit B implicates a core concern animating the FDCPA – privacy.

29. Several sections of the FDCPA prohibit debt collectors from publicly disclosing that the consumer allegedly owes a debt, or that the debt collector is collecting a debt.

30. For example, 15 U.S.C. § 1692f(7) prohibits: "Communicating with a consumer regarding a debt by post card." The content of a post card is visible to anyone who views it.

31. Likewise, 15 U.S.C. § 1692c(b) prohibits most communications with third parties:

> (b) **Communication with third parties**
> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

32. 15 U.S.C. § 1692b allows but strictly regulates communications with third parties for the purpose of obtaining the consumer's location information, including explicit prohibitions against stating "that such consumer owes any debt," and using "any language or symbol on any

---

Penalty for Private Use, $ 300
*Peter*, 310 F.3d at 347.

[2] http://en.wikipedia.org/wiki/QR_code

envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt." 15 U.S.C. §§ 1692b(2), 1692b(5).

33. Privacy of the consumer's personal information, including the existence and amount of a debt, is clearly "a core concern animating the FDCPA." *Douglass*, 765 F.3d at 303-04.

34. The statements on Exhibit B indicate that the letter inside is seeking payment and that Plaintiff potentially has a legal issue with regards to his "plan."

35. Exhibit B discloses to anyone viewing the exterior of Exhibit B, the existence of a debt and that the letter's purpose is debt collection.

36. The unsophisticated consumer, viewing Exhibit B, would conclude that Exhibit B is a debt collection letter.

37. The sole purpose of the statements on the exterior of Exhibit B are to make clear that Exhibit B is a debt collection envelope containing a debt collection letter.

38. Further, it is simple for a debt collector to comply with 15 U.S.C. § 1692f(8) – do not print extraneous information on the envelopes or allow it to show through the glassine windows of envelopes.

39. Plaintiff was confused by Exhibit A and Exhibit B.

40. The unsophisticated consumer would be confused by Exhibit A and Exhibit B.

41. Plaintiff had to spend time and money investigating Exhibit A and Exhibit B.

42. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A and Exhibit B.

7

43. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

44. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

45. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

46. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

### COUNT I – FDCPA

47. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

48. Gibson failed to provide to Plaintiff the required notice pursuant to 15 U.S.C. § 1692g(a).

49. Gibson has thus failed to comply with the debt validation notice requirements pursuant to 15 U.S.C. § 1692g(a).

50. Failure to provide the 15 U.S.C. § 1692g(a) notice is also a false representation or deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e and 1692e(10).

51. Defendant violated 15 U.S.C. §§ 1692g(a), 1692e and 1692e(10).

### COUNT II – FDCPA

52. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

53. Exhibit B contains extraneous text, which states: "Gibson & Sharps, Attorneys at Law," "Your Response is Required," and "Important Plan Information."

54. Exhibit B discloses the existence of a debt and that it is from a debt collector.

55. The unsophisticated consumer viewing Exhibit B would determine that Exhibit B was mailed by a debt collector.

56. Defendant violated 15 U.S.C. §§ 1692f and 1692f(8).

## CLASS ALLEGATIONS

57. Plaintiff brings this action on behalf of two Classes.

58. Class One consists of (a) all natural persons in the State of Wisconsin (b) who were sent an initial collection letter in the form represented by <u>Exhibit A</u>, (c) seeking to collect a debt for personal, family or household purposes, (d) between March 8, 2016 and March 8, 2017, inclusive, (e) that was not returned by the postal service.

59. Class Two consists of (a) all natural persons in the State of Wisconsin (b) who were sent an initial collection letter in an envelope in the form represented by <u>Exhibit B</u>, (c) seeking to collect a debt for personal, family or household purposes, (d) between March 8, 2016 and March 8, 2017, inclusive, (e) that was not returned by the postal service.

60. Each Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each Class.

61. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> and/or <u>Exhibit B</u> violate the FDCPA.

62. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

63. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

64. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

65. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated: March 8, 2017

**ADEMI & O'REILLY, LLP**

By:   /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com